Good morning, Your Honor. Thank you. May it please the Court, I am Assistant Federal Public Defender Wendy Overmeyer for Joseph Hall and I'll reserve three minutes for rebuttal. And today I'm addressing the sole issue on appeal, which is whether today's career offender guideline is a relevant 3553 factor when reducing a crack sentence under the First Step Act. All circuits, this circuit has not issued an opinion, but all other circuits agree that 3553 factors can be considered in First Step Act reductions and that today's guideline is a relevant factor. And the government agreed to this at the proceedings below, that today there would be no 851 enhancements under the First Step Act's new changes, which would lower the career offender range by eight to three years and that this was a relevant factor. However, the court held it could not consider today's range. Can you tell, so the dispute is really only over whether the district judge in a matter of discretion to do that. So it's a very fine cut issue. Is that correct? That's correct. It comes down to the two hearings in this case. There was the initial hearing, telephonic hearing, and then when the parties realized, when Mr. Hall and the defense counsel realized that the today's range had been incorrectly communicated to the court, we informed the court of that correction, asking for reconsideration as well as reconsideration for some disciplinary corrections to the record. Excuse me, the range was incorrect? I thought the only problem was that this issue hadn't been arranged. Yes, the range was incorrect. We had initially, the parties had initially told the court that today, under today's guideline range, that it would be 360 to life. And it was shortly after that hearing, it came to counsel's attention that today the 851 would not be considered. So while he remains a career offender today as well, the range would lower because without the 851, the statutory maximum lowers from life to 40 years. So that means that instead of a 360 to life range today, it would be a 262 to 327 range. And because the court at the first hearing, which is on ER 65 to 66, or the pages I'm referring to, considered the guidelines today, what it thought were the guidelines today, saying that the sentence, the life sentence, still fell within the guideline that would apply today. And the court thought that was a relevant factor in its determination. And so in the motion for reconsideration, when we discovered that in fact the range today would be lower, 262 to 327, we asked the court to reconsider on this point, as well as some disciplinary corrections. But the court, while it agreed to reconsider based on the disciplinary corrections and clarified that issue, the court found that our requests didn't have merit, that it could not... I mean, honestly, that's not what happened. I mean, he said, further, finally, the defendant's agreement that his prior convictions do not subject him to an enhanced sentence does not have merit. That's a question of whether it subjected him to an enhanced merit. It wasn't discussing any. And then he went and he said, as a defendant is not entitled to plenary resentencing, does not consider his exposure to any enhanced sentence in that context. And then he went on and said, now the defendant asked the court to consider the fact that a sentence could be lower today and very downward. So he directly addressed that separately. No? Yes, the court, the court went back and forth a bit. So the court started with the plenary discussion and that plenary hearings do not apply, which of course this court has decided in Kelly. And then it went to the 35-53 factor of discipline and talked about that. And then it went to the argument about the and found it didn't have merit to be considered. Where is that? Where is that? Well, it says this does not have merit. This is on. That's before the before the discussion of the 35-53A. Yes. And then it goes to that summarizes our argument that we asked it to be considered as a factor. And then goes into that. We also pointed out this could be a factor for compassionate release, but that the court will not consider that. That's on page 38. It wasn't considering was the 35A, 2C, 1A. Yes. And then on the next pages, on 39 and 40, the court says the application is denied the motion for reconsideration. So it says the application is denied. It's granted in part the application. This is on page 40. Where are you? I'm sorry. I'm sorry. We are 40. OK. About halfway down the application for resentencing is granted in part and denied in part. And so when you take it as a con as a whole, it's not clear that the court understood its full discretion here. Well, this is a serious offense. It's not only that, but there are multiple offenses. The defendant was a career offender under any law. He's a career offender. So he's specifically recognizing the the fact that he's been asked to look at current law, but he says under current law, he was still a career offender. That's accurate, right? Yes, he is a career offender under current law. But what the court never acknowledged is that the range is not 360 to life as a current career offender. His current career offender range would be 262 to 327. And the goal of the First Step Act is to get these prior old cracked sentences to what would be imposed today. And so by not recognizing... But he did acknowledge it. On page 38, he says that you should consider the fact that the sentence could be lowered today as a factor in deciding on a reduced sentence and bearing downward to account for this fact, applying the provisions under 3553A. Isn't that exactly your argument? Well, he's summarizing the argument. Yes, correct. But then he is stating that... He doesn't say it's not possible. He just says, I'm not doing it. Well, I think it's ambiguous what exactly the court was deciding. If the court was saying, I cannot consider this change of career offender range because I can't consider 851 changes. Counsel, give me the best page in line for showing that the district court misunderstood its authority. This is a very... Judge McKibben did a very complete job. He knew a great deal about your client. He went through everything very conscientiously in two hearings. It's very difficult to see that and then lowered the sentence. Very difficult to see still within the range what the problem is. So can you give me a line where it's clear that Judge McKibben made a mistake? Yes, I think the best the best lines are, again, that the application, you know, granted in part and denied in part. But that's just a conclusion. That's not a that's that doesn't indicate that he didn't understand he could do it. Are you saying that he had to come to a different conclusion, that he had no discretion and therefore it's an abuse of discretion? I didn't think that was your argument. No, our argument is that it can be considered. How can the conclusion that you win some and lose some then possibly be an abuse of discretion? Because at the first hearing, the again on page ER 66, the 65, the court says the factors the court has considered is the range and the same today. And then on page 66, Hall's guideline range is the same as before. 360 months to life. It's relevant that Hall's life sentence is authorized even in this range. That's on 66. And so we were asking the court to reconsider that particular finding in that that's not the range today. The range today does not encompass a life sentence, nor does it encompass a 30 year sentence. And the judge held a second hearing and the government agreed with you that they should hold another hearing. And we held a very another second, very complete hearing. Where in this hearing, in the second hearing, is it clear that Judge McKibben didn't understand what the what the range was or what the what his authority was? I'd like to get a page and a life citation. It's ER, I believe the ER 37 at the very top where it says that his prior convictions do not subject him to an enhanced sentence does not have merit. I think that is the court's ruling that it does not have merit that the court cannot. They do not subject him to an enhanced sentence. And that's true. It's true that that doesn't have merit because his prior convictions do don't matter anymore. That that he's discussing the Kelly point, not the three five. It's quite clear this is a two part discussion. And then he says now they're asking me to consider it as a three five five three eight factor. And he doesn't say, no, I'm not going to do that. He says, I'm not going to consider it as a three five, the three five, a two C one eight issue. But he doesn't say that I'm not going to consider the three five five three eight factors. Instead, he does it. He goes on and does it. And to me, the most telling thing is when he says under any law, he's a career offender, which means that he is considering the past law and current law. I understand the court's position, and it's it's our position that at best, the transcript is ambiguous as to whether he understood the full discretion because it was not clear at that time in the case law either whether the new range could at least be considered as a factor today. And with that range being three to eight years lower and the district court never acknowledging that range on the record, the actual range on the record, we ask that this court remand to the district court to clarify that it can consider the sentencing range today. And if that has an impact on the court's decision in the amount of appropriate proportionate reduction to the sentence. OK, your time is up. We'll give you a minute in rebuttal. Thank you very much, Mr. Flake. It's the court, Adam Flake for the United States. Can the court hear me OK? Yes, fine. Thank you. The Judge McKibben made a fulsome ruling that addressed both steps of Kelly and it's the government's position that he clearly understood his discretion. There was no disagreement among the parties at the hearing on the motion. The government specifically said, you know, in applying the first step of Kelly, you look at this, this one change, this one retroactive change. But then considering the 3553A factors in the second step of Kelly, the court has discretion to consider virtually anything it wants. That was our position. We didn't disagree over that. And then the court simply analyzed both steps of Kelly and under the second prong, it found that a further reduction was not appropriate. Well, it would have been nice if he'd been a little more lucid. I mean, the question is, how lucid does he have to be? I think any time an issue is raised on appeal, it would be nice if there was something very specifically addressing the argument that arises. But I think I don't think the record leaves any doubt here that Judge McKibben understood the scope of his discretion and that he that he applied, he faithfully applied Kelly. He was aware of that case. He discussed it. Under what part of 3553A is this consideration pertinent? I'm sorry, I couldn't quite hear you. Under what part of 3553A is this consideration pertinent? I mean, I would have, I would guess that it would be pertinent under providing just sentencing disparities would be my guess. But I gather you don't have any doubt that it is and you wouldn't have, you know, we have no case law specifically saying that it is. Would it be a good idea for us to at least write that opinion and say it is pertinent? I mean, the government did not object to that the district court was required to do so. It's certainly it's certainly not our position that it can't. I'm sorry about the double negative there. If the court doesn't have any further questions, I'll save the rest of my time. Thank you. Thank you, Your Honor. It's what we're asking is that this court does send this back because the district court here did not have guidance from the court at this time. So what this would do, this would clarify the issue without any doubt for the district court, for the parties to reduce this life sentence down to what is proportionate to today. And it would allow the record to be established of whether that was fully considered here, whether the district court fully understood its discretion. And this court would join its sister circuits in clarifying the proper procedure for the district court. Your interest really isn't having an opinion saying that he could have done this. I'm sorry? Your interest really is having a clarifying opinion from this court. Yes, I mean, it's very important here in that it's important that the record shows the court understood at least that the sentence today would have been three to eight years lower for Mr. Hall. Allowing this procedurally erroneous reduction to stand means Mr. Hall remains in prison for another 11 years until he is 71 years old. So, yes, it is very important. I mean, do you really think that Judge McKibbin is going to do anything different? That's unclear. It's there's been a lot of, you know, developments in the case, though, like I said, from the circuits, district courts continue to grant reductions based on what the 851 sentence would be today. And the problem here, as Judge McKibbin said, is that he was still a career offender and not only was he a career offender, but he had, as I understand it, you know, several extra convictions than just enough to make him a career offender. Yes, the convictions were all nonviolence. They were all without firearms. They were drug hand-to-hand offenses. And of course, they were accounted for in the criminal history as well as the career offender range, even the one today, the 262 to 327, that counts the fully counts the criminal history in this case. But there's nothing in today's range that would support a 30 year sentence. 30 years is not contemplated by Congress today for this offense for a career offender. And that's why it's important that the district court understand its discretion to consider that. Did you you haven't contested the substance of reasonability of the 360, did you? Well, yes, we we asked for a. We asked for a lower sentence to time served. No, we raised this as a district court, but you haven't argued to us that 360 is as substantively unreasonable under any standard. No, we raised this as a procedural error in this case today. And I just wanted to reconsider. Even if we sent this back, Judge McKibben could still go back to 360 with a with by and checking all of the boxes that we would want him to check. And you wouldn't have an objection to that, right? Well, the court, yes, the court could obviously has wide discretion under considering all the factors and can impose what it sees is proportionate below. And at that point, we would make the decision of what to object to. Thank you, Your Honor. OK, thank you very much. The case of United States versus Paul is submitted. We will go to the next case of the day, which is United States versus Mohamed and somewhat closely related. Thank you.
judges: Berzon, Bybee, Cardone